```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
```
DR. MICHAEL NAGLER,

                               Plaintiff,

              -against-

**MEMORANDUM OF
DECISION AND ORDER**
08-CV-1935 (ADS)(MLO)

ULANA ILLIANO,

                               Defendant.
```
----------------------------------------------------------X
```

**APPEARANCES:**

**Callan, Regenstreich, Koster & Brady**
Attorneys for Plaintiff Michael Nagler
One Whitehall Street, 10th Floor
New York, NY 10004
      By: Paul F Callan, Esq., Of Counsel

**Law Offices of Harry Weinberg**
Attorneys for Defendant Ulana Illiano
11 Beach Street, 8th Floor
New York, NY 10013
      By: Harry Mark Weinberg, Esq., Of Counsel

**SPATT, District Judge**.

## I. BACKGROUND

On April 8, 2008, Dr. Michael Nagler ("the Plaintiff" or "Nagler"), a Deputy Superintendent in the Mineola School District ("the School District"), brought this action in New York State Supreme Court, Nassau County, against Ulana Illiano

("Illiano" or "the Defendant"), alleging that the Defendant defamed him in an email viewed by current and former School District employees. On May 13, 2008, the Defendant filed a notice of removal, asserting that the Court should exercise supplemental jurisdiction over this case because a "related" case involving Illiano and Nagler, <u>Ulana Illiano v. Mineola Union Free School District, et al.</u>, 08-CV-529, is already pending before this Court.

## II. DISCUSSION

**A.     As to Whether the Court Has Subject Matter Jurisdiction**

28 U.S.C. § 1441 governs the process of removal to the federal courts. A case may only be removed from state to federal court if, at the time of removal, the case could have been filed in federal court. 28 U.S.C. § 1441(a). In other words, for removal to be proper, the court must have either diversity jurisdiction or federal question jurisdiction over the case. As the federal courts are courts of limited jurisdiction, "removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." <u>Zeballos v. Tan</u>, 2006 WL 1975995, at *1 (S.D.N.Y. July 10, 2006) (citations and internal quotation marks omitted). Further, the removing party bears the burdening of establishing that the removal requirements have been met. <u>Id</u>.

In her notice of removal, the Defendant appears to contend that this Court should exercise jurisdiction over the instant case because a "related" case is already

pending before the Court. However, contrary to the Defendant's suggestion, 28 U.S.C. § 1441 does not include a relatedness provision. 28 U.S.C. 1441(c) provides, in pertinent part, that "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by the [federal question statute] is joined with one or more otherwise non-removable claims . . . the entire case may be removed . . ."

This provision thus restricts "removal involving a 'separate or independent claim or cause of action' to situations in which the jurisidictionally sufficient claim providing the predicate for removal falls within the subject matter jurisdiction conferred by Section 1331—the general federal question statute." 14 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3724 (3d ed. 2008). Here, Nagler does not assert a cause of action arising under federal law. 1441(c) is therefore inapplicable because there is no jurisdictionally sufficient claim to which Nagler's defamation cause of action can attach.

The Defendant's reliance on the doctrine of supplemental jurisdiction is also misplaced. A court exercising supplemental jurisdiction under 28 U.S.C. § 1367 "permits otherwise non-removable claims to attach to jurisdictionally sufficient claims on the theory that they are inextricably linked to the same underlying case or controversy." 14 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3724 (3d ed. 2008). However, the fact that there is a *separate* federal lawsuit that raises a federal question and involves these parties and shares some of the

same operative facts does not mean that the instant suit, sounding only in tort, can be heard in the federal courts. Accordingly, the Defendant has not met and can not meet her burden to show that removal was proper. This moots the Defendant's motion to dismiss because the Court does not have subject matter jurisdiction to entertain the motion. Remand to the New York State Supreme Court, Nassau County, is the only appropriate course of action.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that this case is remanded to the Supreme Court of the State of New York, Nassau County.

**SO ORDERED.**

Dated: Central Islip, New York
November 8, 2008

_/s/ Arthur D. Spatt_
ARTHUR D. SPATT
United States District Judge